BORINQUEN HOME CORPORATION ET AL., Petitioners, *v.* PUERTO RICO PLANNING, URBANIZING, AND ZONING BOARD, Respondent.

No. 7. Argued January 13, 1948.—Decided July 20, 1948.

*Ramón Luis Nevares, R. Rivera Zayas,* and *G. Rivera Cestero* for petitioners. *Rafael R. Fuertes, Félix Bello,* and *A. Sandín del Manzano* for respondent.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Pursuant to the provisions of the last paragraph of § 26 of Act No. 155 of May 14, 1943 (Sess. Laws, pp. 488, 504),[1] the Borinquen Home Corporation and Ramón Nevares filed in this Court a petition for review against the Puerto Rico Planning, Urbanizing, and Zoning Board. It is alleged therein that on January 16, 1946, said Board on petition of the Long Construction Company adopted a resolution approving the preliminary development in the Monacillos Ward of Río Piedras of the urbanization of a parcel of land containing approximately 65 acres (*cuerdas*); that pursuant to that resolution, petitioner Borinquen Home Corporation, a subsidiary of the Long Construction Corporation, acquired the right to execute and carry out the urbanization project mentioned above and, based on that right, the petitioners entered into several contractual relations necessary for the construction of said development, among which are the following: (*a*) Petitioner Ramón Nevares exercised an option of purchase which he held in his favor and acquired the land already approved for the said development; (*b*) said petitioner when purchasing the said land canceled by merger of rights a lease existing thereon in his favor; and (*c*) petitioner Nevares bound himself to sell to the Borinquen Home Corporation, and the latter agreed to purchase from him, the parcel of land already approved for development; and by virtue of said contract the Borinquen Home Corporation contracted with engineers and invested money in the preparation of plans and the purchase of mechanical equipment in order

[1] "Any party interested in the approval, refusal to approve, or disapproval of a subdivision plat, or in the issuance or refusal of a building, sanitary or building—or land—use permit, against which a petition for review has been filed and a decision rendered thereon, by the Puerto Rico Planning, Urbanizing and Zoning Board or by the Puerto Rico Planning, Urbanizing and Zoning Board of Appeals, as the case may be, may present within the term of fifteen (15) days after notification thereof, certified copies of any such decisions or actions for its review before the Supreme Court of Puerto Rico; *Provided,* That said review before the Supreme Court may be granted only on questions of law."

to execute the urbanization project. That on July 24, 1946, the Board without issuing any summons, without holding any hearing, and without hearing any of the petitioners, approved a project for the enlargement of the Municipal Cemetery of Río Piedras, covering a 25.14-acre parcel, which is owned by the petitioner Nevares and which forms part of the project and of the land approved by said Board for development on January 16, 1946; that said parcel of 25.14 acres covers all that portion of the urbanization project already mentioned which fronts the Río Piedras–Guaynabo Road; that the resolution approving the enlargement of the Municipal Cemetery of Río Piedras was not notified to the petitioners by the Board, but when petitioner Nevares learned of it through a private source, both he and the other petitioner filed written motions for reconsideration of said resolution; that the Board set those motions for hearing and the petitioners attended the hearing, and at the close of the evidence and after the parties were heard, the Board took the decision under advisement and subsequently dismissed the motions for reconsideration.

In view of the petition filed, this Court issued an order requiring the Board to send up the records of the cases mentioned therein. After the corresponding briefs were filed, the proceeding was finally submitted to us for decision.

The petitioners contend: (1) that the action of the respondent Board in approving the project for the enlargement of the Cemetery of Río Piedras and in dismissing their motions for reconsideration is erroneous and contrary to law and deprives them of their property without due process of law, since it seeks to deprive them of their vested rights under the resolution of January 16, 1946; (2) that the subsequent act of the Board in approving the project and enlargement of the above-mentioned cemetery is unreasonable and arbitrary, because when the Board adopted said resolution a change in the status of the petitioners and their properties had already occurred; (3) that the contention of the Board,

to the effect that Acts No. 166 of 1945 and No. 354 of 1946 impose on it the obligation to approve the said enlargement, is erroneous, since said Acts refer to adjacent lands, whereas the lands involved in the present proceeding are not adjacent to the Municipal Cemetery of Río Piedras; (4) that the Board erred in revoking the permit granted to the petitioner Borinquen Home Corporation for the development of lands, pursuant to which the petitioners acquired certain rights, since such a revocation denied to the petitioners the due process of law and was due to the unlawful and undue influence exercised by the Municipality of Río Piedras and or its mayor over the respondent; and (5) that the Board erred in approving the project for the enlargement of the cemetery, because said Board has no power to regulate cemeteries.

■ Now, by Act No. 166 of May 10, 1945 (Sess. Laws, p. 578), the Legislature of Puerto Rico appropriated the sum of $8,000, or such part thereof as might be necessary, in order that the Commissioner of the Interior should acquire lands adjacent to the cemetery of Río Piedras, for the widening and extension thereof, and provided that when said lands were acquired by said officer, he shall convey them to the Municipality of Río Piedras for the purposes indicated above. It was also provided in said Act that "The lands and the accessories thereof necessary for a compliance with the purposes of this Act are hereby declared of public utility and the Commissioner of the Interior may file and prosecute condemnation proceeding without the previous declaration of public utility provided by the General Condemnation Act."

Subsequently, the Legislature enacted Act No. 354 of April 18, 1946 (Sess. Laws, p. 960), and in § 1 thereof there was appropriated, for the purpose already mentioned, the additional sum of $15,000, or such part thereof as might be necessary, and similarly as in the prior law, it was stated that after the lands were acquired they should be conveyed by the Commissioner of the Interior to the Municipality of

Río Piedras for the purposes set forth, and the lands and accessories thereof, necessary for a compliance with the purposes of said Act, were declared of public utility.

On August 26, 1945, the Commissioner of the Interior of Puerto Rico wrote to the Chairman of the Planning, Urbanizing, and Zoning Board regarding the enlargement of the said cemetery. The Commissioner in his letter informed the Board that, in accordance with Act No. 166 of 1945, his Department was authorized to purchase the lands adjacent to the present cemetery of Río Piedras and that the sum of $8,000 had been appropriated by that Act for the enlargement of said cemetery; that his Department had appointed an engineer to start the preliminary negotiations, and that said engineer had already conferred with the Mayor and with the Director of Public Works of Río Piedras, had inspected the lands adjacent to the cemetery, and had obtained pertinent information, which was attached in order to avoid repetitions. He also enclosed a sketch of the present cemetery and of the adjacent lands, to serve as an aid to the Board in its investigation and study. He concluded by stating that "Since we believe that the information thus sent covers the requirements of that Board in regard to the matter under consideration, we trust that you will be shortly in a position to send to this Department a report of the result of the investigation and study, in conformity with the provisions of the Act creating said Board."

In the record relating to the enlargement of the cemetery of Río Piedras, which was filed in the Planning, Urbanizing, and Zoning Board under No. 7–60–c–1071r, and which has been sent up to this Court pursuant to its order of May 2, 1947, already mentioned, there appear additional correspondence between the Commissioner of the Interior and the Planning Board regarding this matter and a certified copy of the resolution adopted by the Board on July 24, 1946. Said resolution textually reads as follows:

"Enlargement of the Cemetery of Río Piedras

"*The Department of the Interior, in compliance with the provisions of Section 22 of Act No. 213 of 1942 and with the Planning Regulations No. 2, submitted to this Board Project No. 7–60–c–1071r for the enlargement of the cemetery of Río Piedras.*

"On August 26, 1945, this Board was consulted regarding the adaptability of the lands adjacent to the present cemetery of Río Piedras for the enlargement thereof, for which Act No. 166 of 1945 appropriated the sum of $8,000.

"On April 18, 1946, the Legislature enacted Act No. 354 appropriating the additional sum of $15,000 for the acquisition of the lands for the enlargement of the cemetery of Río Piedras.

"On February 4, 1946, the Department of the Interior, through Mr. Martorell, Director of the Division of Public Buildings and Municipal Works, presented project No. 1071r for the acquisition of 25.14 acres (*cuerdas*) for the enlargement of the cemetery of Río Piedras.

"On the basis of the data shown by the 1930 and 1940 census and of the observed trend to increase in the population of Río Piedras, the preliminary calculation for the population of Río Piedras in 1960 will amount to 271,000 persons, which leads us to the conclusion that the area allotted by Act No. 166 of 1945 for the enlargement of the cemetery is insufficient.

"Although, if the population estimate made by this Board should materialize, the proposed land would be insufficient, the Board APPROVES it, taking into account the descending tendency in the death rate and the urgency of the enlargement of the present cemetery; and it RECOMMENDS that the Administration bear in mind these facts in order to enlarge said cemetery to the necessary capacity.

"In this project there are involved 25.14 acres which are considered as sufficient for future needs.

"The parcel which will be used for the enlargement of this cemetery is adjacent to the old cemetery and separated therefrom by an abandoned road of the Experiment Station, and is bounded on the west by said cemetery and on the north by Highway No. 46.

"*Taking into consideration the foregoing the Puerto Rico Planning, Urbanizing, and Zoning Board DOES HEREBY APPROVE project No. 7–60–c–1071r for the enlargement of the cemetery*

*of Río Piedras, since said project is not in conflict with the
Master Plan of this Board insofar as the same has been adopted
or studied up to the present time."* (Italics ours.)

As shown by the above-quoted resolution, the Department of the Interior submitted to the Board the said project in compliance with the provisions of § 22 of the Act and the Planning Regulations No. 2, and the Board merely approved the project because it is not in conflict with the Master Plan.

Section 8 of Act No. 213 of May 12, 1942 (Sess. Laws, p. 1106), as amended by Act No. 155 of May 14, 1943 (Sess. Laws, pp. 488, 490), provides that "the Board shall prepare and adopt a master plan which shall show, with any accompanying maps, charts and explanatory matter, the Board's recommendations for the development of Puerto Rico . . ." Said Section also provides that "the Board shall include in its master plan the urban, suburban, and rural parts of the Island, . . ." Section 22 of Act No. 213 of 1942, as amended by Act No. 155 of 1943, *supra*, provides that "The master plan shall be at the disposal of the Legislature and of all officials and official bodies of Puerto Rico, and of Federal officials and bodies, as well as of private persons, in the exercise of their respective powers, rights, and duties relating to matters covered thereby, and no improvement, acquisition, sale, or change in the uses of land or other property of The People of Puerto Rico, or of any public utility, whether publicly or privately owned, shall be authorized, aided or undertaken in whole or part by any executive official or body of Puerto Rico unless the proposed locations, character and extent thereof shall not conflict with said master plan and shall have been submitted to and approved by the Board, or, if disapproved by the Board shall have been submitted to and approved by the Executive Council or shall have been or be authorized in specific terms and for a definite location, by law."

It was precisely under the provisions of § 22 of the Act that the Commissioner of the Interior on repeated occasions requested the respondent Board to approve the project for

enlargement. The Board acted accordingly. The Commissioner of the Interior, in doing what he did, only complied, we repeat, with the provisions of § 22, and the Board in approving the petition for enlargement of the cemetery merely determined that such petition for enlargement did not conflict with the Master Plan approved by it.

The approval by the Board of the application submitted by the Commissioner in this case has not, indeed, the scope attributed to it by the petitioner. By its own terms, it did not set aside the resolution adopted by the Board on January 16, 1946, at the instance of the Long Construccion Company. The Board simply complied with the law, that is, it merely determined that the application should be approved since it was not in conflict with the Master Plan.

█ Whether or not by virtue of the mere approval by the Board of the preliminary development of the urbanization referred to by the petitioners, the latter acquired any rights; whether or not the resolution for the enlargement of the cemetery of Río Piedras is unreasonable and arbitrary; whether or not the lands for such enlargement of the cemetery are adjacent; or whether or not there was any undue influence on the part of the Municipality of Río Piedras are all questions which need not be decided in this proceeding. Perhaps those questions may be raised at the opportune time in the lower court in any proper action for condemnation which may be brought.[2]

█ On the other hand, it was a question of an application extraneous, separate, and independent from that made on January 15, 1945, by the Long Construction Company for the preliminary development of a certain urbanization, in which proceeding it was to be determined merely whether or

---

[2] Although in the resolution of July 24, 1946 the Board sets forth that the parcel in question is adjacent to the old cemetery of Río Piedras but separated therefrom by an abandoned road of the Experiment Station, and that such parcel complies with the provisions of the Act of 1945 and 1946 above cited, it had no authority to make such finding. That is a question which should be decided by the district court in a proper condemnation proceeding which may be instituted.

not the application for the enlargement of the cemetery of Río Piedras was in conflict with the Master Plan, the Planning Board was not bound to notify the petitioners of said application. It was a courtesy on its part to write to Mr. Fullana, a representative of the Long Construction Company, on March 1, 1946, informing him of the presentation of the Project 1071r and advising him to clear up the matter with the Mayor of Río Piedras, and likewise to grant the petitioners a hearing and the opportunity to be heard on the motions for reconsideration filed by them.

The resolution sought to be reviewed, adopted by the Board on July 24, 1946, will be affirmed.

Mr. Justice De Jesús did not participate herein.